JUSTICE HASSELL, with whom JUSTICE KEENAN
joins, concurring.
Gender discrimination should not be countenanced in any manner and victims of such discrimination should be accorded a tort remedy that fully and fairly compensates them for injuries caused by an employer’s repugnant conduct. As this Court recognized in Lockhart v. Commonwealth Educ. Sys., 247 Va. 98, 105, 439 S.E.2d 328, 331 (1994):
“Without question, it is the public policy of this Commonwealth that all individuals within this Commonwealth are entitled to pursue employment free of discrimination based on race or gender. Indeed, racial or gender discrimination practiced in the work place is not only an invidious violation of the rights of the individual, but such discrimination also affects the property rights, personal freedoms, and welfare of the people in general.”
However, the General Assembly of this Commonwealth has chosen to impose limitations on the right of a woman to recover damages against an employer who discriminates against her because of her gender. See Code §§ 2.1-714, et seq. And, this Court, which does *291 not, and constitutionally cannot, act as a super-legislative body, is required to apply these restrictions as expressed by the General Assembly. For this reason solely, I am compelled to concur with the majority’s opinion.